```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTOINE FREEMAN,

                  Petitioner,              DECISION AND ORDER
          -vs-                              No. 09-CV-6326(MAT)

JAMES T. CONWAY, Superintendent of
the Attica Correctional Facility,

                  Respondent.
_____
```

## I.  Introduction

Petitioner Antoine Freeman ("Freeman" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his conviction following a jury trial in New York State Supreme Court (Monroe County) on one count of third degree burglary. Petitioner, who was adjudicated as a persistent felony offender, is currently serving an indeterminate sentence of fifteen years to life at Attica Correctional Facility.

## II.  Factual Background and Procedural History

Freeman's conviction stems from incident that occurred on September 23, 2003, at the Hess gas station and convenience store on Jefferson Road in Brighton. Christopher Hickey ("Hickey"), one of two employees on duty at the time, testified that at about 8:30 p.m., a black male walked up to him from within the store and briefly conversed with him.[1] The man, who had an unlit cigarette

---

[1] The man asked Hickey if he was interested in buying some power tools. The content of this conversation was not disclosed to the jury because it might have

-1-

dangling from his lips, was wearing a white shirt, a bracelet on his left arm, and a hat facing backwards.

When the man had finished his conversation with Hickey, he walked toward the front of the store and bent down as if reaching for something. Because boxes and aisles blocked his view, Hickey could not see exactly what the man was doing. As the man straightened up, Hickey observed that he had picked up two delivery-type boxes of cigarette cartons, each about three by two feet in size. The man turned around and left the store, carrying the boxes.

Hickey was confused because the only place that delivery boxes of cigarette cartons were located in the store was behind the front counter or in a back storage area, both of which were off-limits to store customers. Hickey's suspicions were confirmed when a customer told him that she had just observed something odd–a black male had left the store with some big boxes in his arms.

Hickey went into the back store room where the surplus cartons of cigarettes were stored in a metal cage, the door of which did not "look right." When he touched the door, it fell off its hinges. Hickey then called the police.

The store's four video surveillance cameras, which were set daily to continuously record the front of the store, yielded a

---

suggested that the man had committed an uncharged crime. Hickey solely was permitted to testify that he recalled the conversation and person speaking to him because he thought that it was odd.

-2-

videotape depicting the black male to whom Hickey had spoken, as well as several still photogrpahs. Hickey identified the individual depicted in both the videotape and the still photographs as Freeman.

The jury returned a verdict convicting Freeman as charged in the indictment of third degree burglary. Following a persistent felony offender hearing pursuant to C.P.L. § 400.20, the trial judge adjudicated Freeman as a persistent felony offender and imposed an indeterminate term of 15 years to life.

On direct appeal, the Appellate Division, Fourth Department, unanimously affirmed the conviction. People v. Freeman, 38 A.D.3d 1253 (App. Div. 4th Dept. 2007). Leave to appeal to the New York Court Appeals was denied.

This timely habeas petition followed in which Freeman asserts the following grounds for relief: (1) a violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) insufficiency of the evidence; and (3) erroneous denial of a jury instruction on circumstantial evidence. After being granted repeated extensions of time, Freeman filed a motion to amend the petition and to have the petition held in abeyance while he exhausts several claims of ineffective assistance of trial counsel. Respondent has opposed Freemen's motion.

For the reasons that follow, the request for a writ of habeas corpus is denied and the petition is dismissed. The motion to amend and stay is denied with prejudice.

**III. Analysis of the Petition**

### A. Erroneous Sentencing as Persistent Violent Felony Offender (Grounds One and Two)

Petitioner contends that the sentencing procedure and actual sentence imposed under New York's persistent felony offender sentencing scheme (New York Penal Law ("P.L.") § 70.10 and New York Criminal Procedure Law ("C.P.L.") § 400.20(1)) violated his Sixth Amendment right to a trial by jury as explicated by the Supreme Court in Apprendi and its progeny. On direct appeal, the Appellate Division rejected this claim as without merit.

The Second Circuit has held that the New York Court of Appeals reasonably applied clearly established Supreme Court precedent in holding that P.L. § 70.10 does not run afoul of the Sixth Amendment's guarantee to a criminal defendant of a trial-by-jury. Portalatin v. Graham, 624 F.3d 69, 73, 90-94 (2d Cir. 2010) (en banc), reversing Besser v. Walsh, 601 F.3d 163, 189 (2d Cir. 2010). Based upon the authority of Portalatin v. Graham, 624 F.3d 69, Petitioner's claim challenging the constitutionality of his sentencing as a persistent felony offender under P.L. § 70.10 must be denied. See Gibson v. Artus, No. 08-1576, 2010 WL 4342198, at *2 (2d Cir. Nov. 3, 2010) (unpublished opinion) ("We recently upheld New York's persistent felony offender statute . . . explaining that

in the enactment of that statute, 'predicate felonies alone expand the indeterminate sentencing range within which [a] judge has the discretion to operate, and that discretion is cabined only by an assessment of defendant's criminal history.' Under the circumstances, the claim that New York's persistent felony offender statute violated petitioner's right to a jury trial under the Sixth Amendment is without merit.") (quoting Portalatin, 624 F.3d at 94).

**B.  Verdict Not Supported by Legally Sufficient Evidence (Ground Three)**

"'[T]he Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."'" Jackson v. Virginia, 443 U.S. 307, 315 (1979) (quoting In re Winship, 397 U.S. 358, 364 (1970)). However, "a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt." Id. at 317. Accordingly, "in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 . . ., the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. at 324.

The relevant due process "inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson, 443 U.S. at

318 (quotation omitted; emphasis in original). Instead, the Supreme Court explained in Jackson, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at 319. Thus, a petitioner bears a "very heavy burden" in attempting to obtain a writ of habeas corpus based upon an "insufficiency of the evidence claim." United States v. Carson, 702 F.2d 351, 361 (2d Cir.) (citations omitted), cert. denied, 462 U.S. 1108 (1983); accord, e.g., Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000). The responsibility of resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts always rests with the trier of fact. Id. It is not the province of a federal habeas court to revisit a fact-finder's credibility determinations. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) (dismissing habeas claim because "assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal;" deferring to the jury's assessments of the particular weight to be accorded to the evidence and the credibility of witnesses).

A habeas court first looks to the state law elements of the crime in performing a sufficiency-of-the-evidence analysis. Under P.L. § 140.20, "[a] person is guilty of burglary in the third

degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." N.Y. Penal Law § 140.20. "A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so." N.Y. PENAL LAW § 140.00(5). "In general, a person is 'licensed or privileged' to enter private premises when he has obtained the consent of the owner or another whose relationship to the premises gives him authority to issue such consent[.]" People v. Graves, 76 N.Y.2d 16, 20 (N.Y. 1990) (citations omitted).

Freeman contends, as he did on direct appeal, that there was no proof that he consciously was aware that he had no license or privilege to be in the manager's office within the store. The Appellate Division held that the evidence, viewed in the light most favorable to the People was legally sufficient to support the conviction. People v. Freeman, 38 A.D.3d 1253, 1254, 833 N.Y.S.2d 777, 778 (App. Div. 4th Dept. 2007) (citing, inter alia, People v. Salvatore, 178 A.D.2d 566, 567 (App. Div. 2d Dept. 1991) (finding that defendant knew that he did not have permission to enter laboratory area of hospital, and that laboratory area was a separate unit, permitting conviction for burglary; door to the laboratory bore a clear sign which read "Restricted Area Authorized Personnel" and defendant's entire range of reactions showed that he was unequivocally aware that he had not "obtained the consent of the owner or another whose relationship to the premises [gave] him

authority to issue such consent"). This conclusion was a correct application of federal law.

Respondent points out that the layout of the store clearly demarcated where the customer area of the store ended and the "Employees Only" area of building began. Not only was there a door separating the two portions of the building, the interior design of the building clearly indicated which portion of the store was for employees only and which was for customers. The hallway off the back of the store leading to the manager's office was much narrower than the rest of the store, and except for the cartons of beer piled up near the doorway, there was no other merchandise located in the hallway so as to suggest that the area was a continuation of the customer area. On the door separating the customer area from this hallway hung a sign stating that the area beyond was for "employees only", and the sign was fully visible. The manager's office/storage area was beyond that hallway and contained no merchandise other than the cigarette cartons which were triple-locked in a metal cage.

Notably, Freeman never attempted to pay for the cigarettes. In addition, the door to the cigarette cage had been completely removed from its hinges. These circumstances belie the innocent interpretation of the facts suggested by Freemen.

On this proof, for the jury to conclude that Petitioner believed he had a license and a privilege to be in this "employees

only" area of store would have been irrational. The evidence was more than sufficient to establish beyond a reasonable doubt the element of burglary requiring Freeman to have entered or remained unlawfully upon the premises in question.

### D. Trial Court's Denial of Request for a Circumstantial Evidence Charge (Ground Four)

Petitioner contends that the trial court erred in denying defense counsel's request for a circumstantial evidence jury instruction on the basis that the prosecution failed to present any direct evidence proving that Petitioner actually had entered or been inside the manager's office in which the cigarette case was located.

It is well-settled that the propriety of a state court's jury instructions is generally a matter of state law that does not raise a federal constitutional question. See Estelle v. McGuire, 502 U.S. 62, 71-72 (1991); Cupp v. Naughten, 414 U.S. 141, 146 (1973). Rather, to be entitled to habeas relief, a petitioner must show "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." Cupp, 414 U.S. at 146. The relevant inquiry, therefore, is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Id. at 147.

Under New York law, "[w]henever a case relies wholly on circumstantial evidence to establish all elements of the charge, the jury should be instructed, in substance, that the evidence must establish guilt to a moral certainty." People v. Daddona, 81 N.Y.2d 990, 992 (N.Y. 1993). However, under federal law, which controls in this habeas proceeding, "it is clear that 'the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" Clark v. Kelly, No. 98-CV-6230, 2002 WL 31663512, at *6 (W.D.N.Y. Oct. 3, 2002) (quoting In re Winship, 397 U.S. 358, 364 (1970)). Thus, the trial court's refusal to give the pattern jury instruction on moral certainty/circumstantial evidence did not abridge Freeman's federal due process rights to a fundamentally fair trial. See Clark, 2002 WL 31663512, at *6 ("[Defense counsel's failures to object to the jury charge or request a circumstantial evidence charge do not amount to a deficiency under Federal law.").

**III.     Petitioner's Motion for Miscellaneous Relief**

Petitioner has submitted a voluminous filing which was docketed as a "Motion for Miscellaneous Relief." (Dkt #28). The Court interprets the motion as requesting (1) permission to add unexhausted claims of ineffective assistance of trial counsel and (2) a stay so that he may return to state court to exhaust them. Respondent has opposed the motion. (Dkt #29).

Petitioner seeks to add claims that trial counsel was ineffective in failing to present an alibi defense by calling his girlfriend, Nellie Hampton, who purportedly would have testified that he was at home arguing with her at the time of the burglary, and that he had a cast on his leg. Accordingly to Petitioner, trial counsel also should have called Marisol Roman, a next-door neighbor who allegedly saw Petitioner hopping about on one foot with a cast on his other leg. To further bolster his alleged alibi defense, Petitioner contends trial counsel should have subpoenaed his medical records, presented evidence of Petitioner's "identifying features", and somehow digitally enhanced the store's surveillance photos and videotape to show that the store clerk misidentified him as the burglar.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court limited the district courts' approval of stay requests to those situations where there is both a showing by petitioner of "good cause" for the petitioner's failure to exhaust the claims in state court prior to bringing the federal habeas corpus petition and that the unexhausted claims are not "plainly meritless." Id. at 277. Furthermore, because the one-year statute of limitations has run, the proposed new claims are untimely unless they "relate back" to the originally pled claims. See Mayle v. Felix, 545 U.S. 644 (2005); Fed. R. Civ. P. 15(c)(1)(B).

Here, Freeman plainly cannot demonstrate "good cause" for failing to have exhausted these ineffective assistance claims

sooner. He was well aware of the factual grounds for all of the proposed new claims at the time of trial, and he has offered no reason why he has waited so long to request permission to exhaust them. Certainly there has been no suggestion that there were any official impediments to his instituting exhaustion proceedings at an earlier time. In light of Freeman's inability to demonstrate "good cause", it would be an abuse of this Court's discretion to grant a stay. <u>Rhines</u>, 544 U.S. at 277-78. Accordingly, Freeman's combined motion to stay and amend (Dkt #28) must be denied.

**V.  Conclusion**

For the reasons stated above, Antoine Freeman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition (Dkt #1) is dismissed. Freeman's motion for miscellaneous relief (Dkt #28) is denied with prejudicie. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2).  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u>.

**SO ORDERED.**

S/Michael A. Telesca

_____
    MICHAEL A. TELESCA
    United States District Judge

DATED:    August 12, 2011
          Rochester, New York